# Moore *versus* Dixon.

In ejectment, the plaintiff showed title in C. The defendants set up title by possession, commencing with D. In rebuttal, plaintiff proposed to show that D.'s possession was not adverse to plaintiff's title; that said possession was obtained by virtue of a contract with C.; that C. subsequently brought ejectment against D. and recovered; that to avoid being ousted, D. leased the land from C., and had executed a writing agreeing to deliver up possession at a certain time: *Held*, that this evidence was competent in rebuttal. *Held, further*, that under such circumstances it might be left to the jury to infer whether there was not a mistake in such contracts, leases, &c.

March 17th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

[Moore *v.* Dixon.]

Error to the Court of Common Pleas of. *Wyoming county :* Of January Term 1880, No. 43.

Ejectment by Luke Moore against Anson Dickson and others, to recover a tract of one hundred and twenty-one acres of land in Wyoming county, part of a larger tract in the warrantee name of Michael Rogers.

At the trial, before Ingham, P. J., the plaintiff showed title derived through one Eleazer Carey. The defendants set up a title commencing with one John Decker about 1836. In rebuttal the plaintiff offered in evidence a contract between Carey and Decker dated August 29th 1839, for land described as " all the land on the north side of the south branch of the Tunkhannock creek, contained in a certain tract in the warrantee name of Henry Rogers." This to be followed by evidence that Decker held the land in dispute under this contract, and to be followed by evidence of an ejectment by Carey against Decker for the land as described in the aforesaid contract, a recovery in said action, the issue of a writ of *habere facias possessionem* therefor, and the execution of a lease on August 24th 1842, by Carey to Decker, for the land as described in the contract of 1839, when it was agreed by Decker, as the tenant of Carey, that he would deliver up possession of the land on the 1st of April following, and still further to be followed by evidence that Decker remained in possession of the land in dispute by virtue of said lease, and not adversely to plaintiff's title.

Defendants objected that the evidence was incompetent and inadmissible, because it would vary a writing by parol testimony and transfer the title of land without a writing, in contravention of the Statute of Frauds. That it was inadmissible to prove that a man entered into possession of one piece of land under a contract that calls for another piece of land. That so far as this evidence goes to make out an independent title, it was only competent in chief, and not in rebuttal. Objections sustained and offer rejected. (First assignment of error.)

The plaintiff also offered in evidence an exemplification from a sheriff's deed-book of a sheriff's deed to one Philip Rykert in 1812. The record did not disclose, however, what land was conveyed by this deed. Objected to and objection sustained. (Second assignment of error.)

Verdict for defendants, when the plaintiff took this writ, and alleged that the court erred in rejecting the above testimony.

*Felix Ansart* and *A. Ricketts*, for plaintiff in error.—There was a mistake in the Christian name of the warrantee, for whom the tract had been originally surveyed, which was manifestly a mutual mistake, as it ran all through the subsequent proceedings between Carey and Decker, and is repeated in the subsequent

[Moore v. Dixon.]

agreement as to leasing. That such a mistake may be shown by parol evidence, and the instrument reformed accordingly, and this by the exercise of the equity powers inherent in all our courts of civil jurisdiction, is fully declared by the cases of Huss v. Morris, 13 P. F. Smith 367; Gump's Appeal, 15 Id. 476; Lycoming Mutual Ins. Co. v. Sailer, 17 Id. 108; Mosley v. Massey, 8 East 149; Hopkins v. Hitchcock, 14 C. B. (N. S.) 65, 73; Miller v. Travers, 8 Bing. 244; Doe d. Smith v. Galloway, 5 B. & Ad. 43; Janes v. Whitbread, 11 C. B. 406; Ayray's Case, 11 Co. 18 b, 21 a; Llewellyn v. The Earl of Jersey et al., 11 Mees. & Wels. 183; Bittleston v. Cooper, 14 Id. 399; Boardman v. Reed & Ford's Lessees, 6 Peters 328, 345; Powell v. Biddle, 2 Dall. 70; Vernor's Ex'rs v. Fisher, 4 P. L. J. 67. And see Smith v. Evans, 6 Binn. 102; Boar v. McCormick, 1 S. & R. 166; Large v. Penn, 6 Id. 488.

*Sittser & Harding* and *P. M. Osterhout*, for defendants in error.—The contract, the ejectment record and lease should not have been received in evidence. On their face they related to a different tract of land from the one in controversy.

Mr. Justice PAXSON delivered the opinion of the court, May 3d 1880.

Had the contract between Eleazer Carey and John Decker dated August 29th 1839, been offered in evidence without testimony to connect it with the *locus in quo*, its rejection would not have been error. But it was offered in connection with evidence that John Decker held the land in dispute under the contract. This was sufficient to entitle the contract to go to the jury. If Decker actually held the land under this contract, it was competent evidence; its effect was for the jury and they might infer a mistake in the warrantee name used therein. The objection that it should have been offered in chief was not well taken. The plaintiff showed title derived through Eleazer Carey. The defendants set up title by possession, commencing with John Decker. To rebut this the plaintiff proposed to show that Decker's possession was not adverse to plaintiff's title, but on the contrary that his possession of the land in dispute was obtained by virtue of this contract with Carey, and that subsequently, Carey brought ejectment thereon against Decker and recovered, and issued a writ of *habere facias possessionem;* that to avoid being turned out, Decker leased the land in dispute, and on the 24th of August 1872, executed a writing under seal, intended to cover this land, and agreeing as tenant of Carey, to deliver up the possession thereof on the first of April ensuing. This evidence was strictly rebuttal.

There is nothing upon the record to show that the evidence rejected by the court, and which forms the subject of the second

[Moore *v.* Dixon.]

assignment, was irrelevant. The description contained in the *vena. ex.* is not given. nor are we informed what land the sheriff's deed embraced. We can guess, it is true, but that does not enable us to say the rejection of the offer was error.

Judgment reversed, and a *venire facias de novo* awarded.